IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS PENSION AND ANNUITY FUND OF PHILADELPHIA AND VICINITY and EDWARD CORYELL<br>1803 Spring Garden Street<br>Philadelphia, PA 19130 | : : : : : : | CIVIL ACTION |
| Plaintiffs | : : : | |
| v. | : : | |
| THOMAS H. JOHNSON<br>3425 Sheffield Street<br>Philadelphia, PA 19136 | : : : : : | |
| Defendant | : | NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §1132(a) and 28 U.S.C. §1331.

2.  A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States or their designated agents by certified mail.

## VENUE

3.  Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b)(2).

## PARTIES

4.  Plaintiff Carpenters Pension and Annuity Fund of Philadelphia and Vicinity ("Fund") is a

101587-1

trust fund established under 29 U.S.C. §186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

5. The Fund maintains its principal place of business and is administered from offices located in the Eastern District of Pennsylvania.

6. Plaintiff Edward Coryell ("Coryell") is an individual fiduciary of the Fund within the meaning of 29 U.S.C. §1002(21) and duly authorized to represent the full Board of Trustees of the Fund in this action.

7. Defendant Thomas H. Jefferson ("Defendant") is an individual and a participant in the Fund within the meaning of 29 U.S.C. §1002(7) with an address listed in the caption.

## FACTUAL BACKGROUND AND CLAIM FOR RELIEF

8. Pursuant to the provisions of the Fund's plan of benefits, participants are eligible for loans from the Fund for certain specified purposes.

9. On or about October 1, 2000, Defendant applied for and was granted a loan from the Fund in accordance with provisions of the Fund's plan of benefits.

10. In connection with the loan and pursuant to the terms of the Fund's plan of benefits, Defendant executed and delivered to the Fund a Promissory Note ("Note") in the original principal amount of Twelve Thousand Dollars ($12,000.00). A true and correct copy of the Note is attached as Exhibit 1 and incorporated by reference.

11. The Note provides, in pertinent part, that Defendant agreed to pay the original principal amount plus interest at the rate of 9% in 59 monthly payments of $249.10 with a final payment of $249.07. All installment payments under the Note were to be paid to the Fund at its office located at

1803 Spring Garden Street, Philadelphia, PA 19130.

12.  The Note provides for the assessment of a late charge equal to three percent (3%) of the amount of the installment if the monthly payment is not received by the 15th of the month.

13.  Defendant has defaulted under the terms of the Note and the Fund's plan of benefits by failing to pay any monthly installment when due.

14.  By letters dated January 16, 2002, February 19, 2002, March 19 and 21, 2002 and April 1 and 16, 2002 ("Default Letters"), the Fund notified Defendant of the default and that, absent arrangements to cure the default, the Fund would file a collection action. A true and correct copy of the Default Letters are attached as Exhibit 2 and incorporated by reference.

15.  Defendant has failed to cure the default.

16.  As a result of the default, the entire unpaid principal amount of the loan, together with accrued interest thereon and late charges, has become immediately due and payable under the Note and the Fund's plan of benefits.

17.  The following amounts are presently due and owing under the terms of the Note and the Fund's plan of benefits:

| | |
|---|---|
| Principal balance | $ 10,133.63 |
| Interest through June 30, 2002 | $    704.92 |
| Late fees through June 30, 2002 | $      59.76 |
| **TOTAL** | **$ 10,898.31** |

18.  Defendant has failed to pay the Fund the accelerated balance due and owing under the Note and the Fund's plan of benefits.

WHEREFORE, the Fund asks that the Court:

(1) Enter judgment against Defendant and in favor of the Fund in the amount of $10,878.31 together with interest from July 1, 2002 at the rate of 9% as set forth in the Note until paid.

(2) Enter judgment against Defendant and in favor of the Fund for all attorney's fees and costs incurred by the Fund in connection with this action, including the fees and costs to collect any judgment, in accordance with 28 U.S.C. §1132(g)(1).

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

JENNINGS SIGMOND

BY:_____
RICHARD J. DeFORTUNA (ID NO. 86260)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0674
Attorney for Plaintiffs

Date: _____